USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
IRIS FLORES, individually and on behalf of
others similarly situated,

                    Plaintiff,

         -against-                         22-CV-6883 (VEC)

LECHONERA POLLO SABROSO                 ORDER
RESTAURANT CORP. (D/B/A LECHONERA
POLLO SABROSO), BASILIO BELLO, and
RAFAEL VELASCO,

                    Defendants.
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 17, 2023, the parties submitted a proposed settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *see* Letter Ex. 1 ("Settlement Agreement"), Dkt. 24;

       WHEREAS the proposed settlement provides for a total recovery of $30,000 for Plaintiff's wage-and-hour claims, with $10,410 awarded to Plaintiff's counsel for fees and costs, Letter at 1–2;

       WHEREAS Plaintiff estimates that her wage-and-hour claims, assuming a full recovery, are valued at approximately $96,713.47, Letter at 2; and

       WHEREAS Plaintiff's counsel have submitted an invoice for $3,177.50 in attorneys' fees and costs and state that $3,177.50 is the appropriate lodestar in this matter, Letter Ex. 3;

       WHEREAS although it is standard to award plaintiff's counsel one-third of the settlement amount in FLSA cases, *see Gaspar v. Pers. Touch Moving, Inc.*, 2014 WL 4593944 (S.D.N.Y. Dec. 3, 2015), Plaintiff's counsel seek 3.3 times the lodestar in attorneys' fees and costs;

1

WHEREAS the Court finds that a lodestar greater than 2.0 is unreasonable, particularly considering the "hourly rates" requested, which are at the high end of what is reasonable given the experience of the attorneys, and the risks counsel undertook in light of the minimal complexity of this case, which settled after a single mediation session, *see Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *see also Hernandez v. Boucherie*, No. 18-CV-7887, 2019 WL 3765750 (S.D.N.Y. Aug. 8, 2019); and

WHEREAS the settlement agreement provides that Defendant will disburse three checks of $10,000 each to Plaintiff's counsel but does not specify how much Plaintiff's counsel will pay Plaintiff or how the funds paid to Plaintiff will be reported to the IRS.

IT IS HEREBY ORDERED THAT the Court would approve a settlement with a more reasonable attorneys' fees provision that specifies the timing and amounts of payments to the Plaintiff (as opposed to the law firm) and specifies the tax treatment of the payments.

A revised settlement agreement is due by **April 26, 2023**. Plaintiff's counsel are admonished to reread any submissions made to the Court more carefully in the future. The settlement agreement uses a mix of male and female pronouns. *See* Settlement Agreement §§ 1(g), 14.

IT IS FURTHER ORDERED that the conference scheduled for April 21, 2023, is hereby CANCELLED.

**SO ORDERED.**

Date: **April 19, 2023**
    New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**