# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

April 17, 2023

**VIA ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY 10007

　　　　Re:　Flores v. Lechonera Pollo Sabroso Restaurant Corp., et al; 1:22-cv-06883-VEC

Your Honor:

　　　　This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A Countersigned copy of the Agreement is attached hereto as **Exhibit A**.

　　　　Plaintiff alleges that she was employed by Defendants. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations.

　　　　**I.　　The Proposed Settlement is Fair and Reasonable**

　　　　Under the Agreement, Defendants will pay Thirty Thousand Dollars and Zero Cents ($30,000.00) to settle all claims against Defendants. This settlement amount will be paid in three (3) installments. The installments will begin being paid within 30 days of the Court's approval of the Agreement. The installments shall consist of three (3) checks, made payable to "CSM Legal, P.C.".

　　　　The parties participated in settlement discussions through the mediation process, and were successfully able to come to an agreement. The Plaintiff agreed to the current settlement amount because he wished to be compensated in part for what she believed she is owed and she does not wish to drag out the litigation process any further, benefitting all parties.

　　　　Plaintiff alleged that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations. In determining Plaintiff's damages, Plaintiff conveyed what she

believed her hours and wages were when she was employed by Defendants. Plaintiff's counsel then created the damages chart to reflect the information conveyed by Plaintiff. Plaintiff alleges that she is entitled to back wages from Defendants in the amount of approximately Thirty-Six Thousand Nine Hundred Fifteen Dollars and Zero Cents ($36,915.00). Plaintiff estimated that if she had recovered in full for her claims, exclusive of attorney's fees, she would be entitled to approximately Ninety-Six Thousand Seven Hundred Thirteen Dollars and Forty-Seven Cents ($96,713.47). A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as **Exhibit B**. However, this calculation of damages was disputed by Defendants and was determined to be possibly flawed following discussions with the Defendants. Specifically, Defendants contested Plaintiff's allegations regarding the number of hours worked and wages paid. A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

Considering the risks in this case outlined above, the parties believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

    **II.**    **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with her retainer agreement with the Plaintiff, Plaintiff's counsel will receive Ten Thousand Four Hundred Ten Dollars and Zero Cents ($10,410.00) from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements. The lodestar amount, as reflected on the invoice attached hereto as **Exhibit C**, is $3,177.50, including $615.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov.

April 17, 2023
Page 3

19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

      i.      Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

      ii.      Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. During his time at CSM Legal, P.C. he has participated in dozens of litigations and has conducted an in-person trial. Prior to joining CSM Legal, P.C., Jarret worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. His work is billed at a rate of $350 per hour.

      iii.      Jasmine Hernandez ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                    Respectfully submitted,

                                    /s/ *Jarret T. Bodo*
                                    Jarret T. Bodo, Esq.

April 17, 2023
Page 4

                                                      CSM LEGAL, P.C.
                                                      Attorneys for the Plaintiffs

Enclosures

cc: Joey Tsai, Esq. (via ECF)